

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-23-2009

# In Re: Glenn A. Worley

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3311

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Glenn A. Worley " (2009). *2009 Decisions.* Paper 610.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/610

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3311
_____

In re: GLENN A. WORLEY,
                                            Petitioner


_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Misc. No. 09-mc-00142)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 31, 2009
Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges
Opinion filed: September 23, 2009
_____

OPINION
_____

PER CURIAM.

On August 11, 2009, Glenn A. Worley filed this pro se mandamus petition.

The petition consists of generalized allegations that his constitutional rights have been,

and continue to be, denied in the district court proceedings initiated by the Internal

1

Revenue Service pursuant to 26 U.S.C. § 7604(a).[1]  Thus, it is not entirely clear as to what specific relief Worley is seeking.[2]

Mandamus is a drastic remedy available only in the most extraordinary of circumstances.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  To demonstrate that mandamus is appropriate, a petitioner must establish that he has "no other adequate means" to obtain the relief and that he has a "clear and indisputable" right to issuance of the writ.  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).   The utter lack of specificity in Worley's petition precludes him from meeting that standard.

Accordingly, we will deny Worley's mandamus petition.

---

[1]  Section 7604(a) "confer[s] jurisdiction on the federal district courts to enforce a summons issued by the IRS."  Church of Scientology of Cal. v. United States, 506 U.S. 9, 11 n.4 (1992).

[2]  Worley, for example, requests that we "provide due process of law," "provide equal protection under the law," and "acknowledge and uphold the Constitution of the United States of America as the Supreme Law of this court, in this matter."  These are inappropriate requests for a mandamus petition.  Cf. In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000).  To the extent, however, that at the time he filed this petition Worley was seeking an order from this Court directing the District Court to rule on his then-pending "motion for disqualification of Senior Judge Sylvia H. Rambo," we note that the District Court's resolution of the motion, see United States v. Worley, No. 09-mc-00142, dkt #55 (M.D. Pa. Sept. 3, 2009), has rendered that request moot.